UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE REAL ESTATE BAR ASSOCIATION FOR MASSACHUSETTS, INC., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 07-10224-JLT |
| NATIONAL REAL ESTATE INFORMATION SERVICES and NATIONAL REAL ESTATE INFORMATION SERVICES, INC., | * * * * | |
| Defendants. | * | |

MEMORANDUM

October 20, 2009

TAURO, J.

The underlying litigation, here, involved an effort by Plaintiff The Real Estate Bar Association for Massachusetts, Inc. ("REBA") to enjoin Defendant National Real Estate Information Services, Inc. ("NREIS") from performing certain real estate transactions. On August 17, 2009, this court issued an order granting summary judgment for the Defendant on the grounds that Plaintiff's position violated the Dormant Commerce Clause.

Presently at issue is Plaintiff's Motion to Stay Execution of Judgment [#143], pending appeal, of a decision in which this court found Plaintiff liable for $904,076.17 in Defendant's attorney's fees and costs. Plaintiff claims that it is entitled to a stay under either Fed. R. Civ. P. 62(c) or Fed. R. Civ. P. 62(d). Though Plaintiff presents a lengthy argument as to why this court

should grant a stay under Rule 62(c), Rule 62(c) only applies to stays of injunctive orders.[1]  This court may apply a similar four-part standard, however, to determine the propriety of a stay of a monetary judgment under Fed. R. Civ. P. 62 (d) and, therefore, it is proper to treat Plaintiff's arguments under Rule 62(c) as if they arise under Rule 62(d).[2]

This court has discretion to alter the supersedeas bond requirement under the final clause of Local Rule 62.2., which provides:

> A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to cover costs, *unless the court directs otherwise.*[3]

Courts should only exercise their discretion to alter the supersedeas bond, however, if the judgment debtor first establishes the propriety of a stay based on the following four factors that stem from the traditional test for granting an injunction: (1) whether the judgment debtor has made a strong showing that it is likely to succeed on the merits; (2) whether the debtor will be

---

[1] Rule 62(c) provides, in relevant part, that "[w]hile an appeal is pending from an...order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.  Fed. R. Civ. P. 62(c).  See also Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir. 2002) (distinguishing between stays of injunctive orders and stays of monetary judgments).

[2] See Exxon Corp. v. Esso Worker's Union, Inc., 963 F. Supp. 58, 59 (D. Mass. 1997); Endress + Hauser, Inc., v. Hawk Measurement Sys. Pty., 932 F. Supp. 1147, 1148 (S.D. Ind. 1996) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); Acevedo-Garcia, 296 F.3d at 17 ("Stays of monetary judgments are ordinarily sought under Fed. R. Civ. P. 62(d)...").

[3] D. Mass. R. 62.2 (emphasis added); see Cipes v. Mikasa, 404 F.Supp.2d 367, 369 (D. Mass. 2005) (citing Acevedo-Garcia, 296 F.3d at 17); Acevedo-Garcia, 296 F.3d at 17 (citing Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987)) ("The nature and the amount of the bond is entrusted to the discretion of the trial court.").

irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the judgment creditor; and (4) where the public interest lies.[4]

Plaintiff's primary argument in favor of waiving the bond requirement is that it lacks the assets to post the full amount of the supersedeas bond, since it is not a profit-generating business and its funding depends on dues received from its members.[5] For the purposes of this motion, this court is willing to accept the veracity of Plaintiff's submissions as to its financial condition. But, this court declines to alter the supersedeas bond requirement, because Plaintiff has failed to establish any of the four factors necessary to render such dispensation appropriate.

With regard to the first prong of this analysis, Plaintiff does not argue that it is likely to succeed on the merits of its appeal. Plaintiff, instead, contends that its appeal raises serious and difficult issues of law, many of which present questions of first impression. Without more, Plaintiff clearly fails to meet its burden under the first prong of the standard for granting a stay since "[t]he sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits."[6] And, even acknowledging that no decision is bulletproof, this court feels that its opinions in this case are based on sound reasoning.

---

[4] Endress + Hauser, Inc., 932 F. Supp. at 1148 (citing Hilton, 481 U.S. at 776); Morgan Guar. Trust Co. Of New York v. Republic of Palau, 702 F.Supp. 60, 65 (S.D.N.Y. 1988) (citing McSurely v. McClellan, 697 F.2d 309, 317 (D.C. Cir. 1982)). It should be noted that the First Circuit has not directly addressed the issue of whether the traditional four-part standard for granting injunctions applies to stays of monetary, as well as non-monetary, judgments. See Acevedo-Garcia, 296 F.3d at 17 n. 4 ("It is at least arguable that a monetary judgment may also be stayed under the traditional standard for issuing injunctions. Adequate protection for plaintiffs/appellees would be a factor in evaluating the propriety of any such request. The municipality in the instant case has not sought to enjoin the damage award on these grounds").

[5] Plaintiff's Mot. Stay Exec. Judg. at 8.

[6] Acevedo-Garcia, 296 F.3d at 17 (internal citations and quotations omitted).

With respect to the second and third prongs of this analysis, Plaintiff argues that, absent a stay pending appeal, it will be forced to close its doors for business or file for bankruptcy. Defendant, in turn, claims that it will suffer harm if Plaintiff is permitted an unsecured stay. It asserts that Plaintiff will continue to deplete its finances in pursuing its appeal, thereby further decreasing the likelihood that Defendant will recover its judgment if Plaintiff's appeal does not succeed.[7] At this stage, it is clear that both parties will face significant costs in pursuing this litigation. But, this court finds that Plaintiff falls short of establishing that, if the execution of judgment is not stayed, its harm will exceed the harm to Defendant if a stay issues.

With regard to the fourth prong, where the public interest lies, the parties seem to conflate the public's interest in the stay of execution of the monetary judgment for attorney's fees with the public's interest in review of the permanent injunction issued against Plaintiff in the underlying action. Plaintiff argues that the public has a strong interest in obtaining appellate review of the District Court's Judgment, because the issue of what constitutes the practice of law in Massachusetts, and who may engage in it, is of great public concern.[8] While this is undoubtedly true, it is inapposite to the issue of whether the court should grant a stay of execution of the monetary judgment.

For the foregoing reasons, Plaintiff's <u>Motion to Stay Execution of Judgment</u> is DENIED. IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[7] Def.'s Opp. Mot. Stay Exec. Judg. at 18.

[8] Plaintiff's Mot. Stay Exec. Judg. At 7.